## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Theodore Rogers, Jr. (#B-81866),     )
                                       )

          Plaintiff,               )           Case No. 14 C 50104
                                       )

          v.                     )
                                     )           Judge Frederick J. Kapala

Cynthia Messina,               )
                                     )

          Defendant.           )
                                     )

## ORDER

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $4.83 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Dixon Correctional Center; (2) issue summons for service on the defendant by the U.S. Marshal; (3) mail the plaintiff a blank USM-285 (Marshals service) form; and (4) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for attorney representation [#4] is denied, without prejudice.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a counselor at the Dixon Correctional Center, violated the plaintiff's constitutional rights by retaliating against him and placing him in danger for engaging in protected activity. More specifically, the plaintiff alleges that after he spoke to the prison's Internal Affairs unit about an alleged sexual assault involving an inmate who worked for the defendant, she had the plaintiff removed from a Positive Living program. The plaintiff additionally contends that the defendant attempted to arouse the inmate population's enmity against the plaintiff by disseminating a rumor that he is a "snitch."

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.83. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk,

United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates a colorable federal cause of action against the defendant. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1008-1009 (7th Cir. 2002); *Young v. Wexford Health Sources*, No. 10 C 8220, 2012 WL 621358, *6 (N.D. Ill. Feb. 14, 2012 (Pallmeyer, J.). A prisoner is entitled to cooperate with a prison investigation without fear of recrimination. *See, e.g., Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *Young*, 2012 WL 621358 at *6 (all concerning purported retaliation for filing grievances). While a more fully developed record may belie the plaintiff's allegations, the defendant must respond to the complaint. Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that the defendant may advance in response to the complaint.

The court directs the clerk to issue summons for service of the complaint on the defendant. The United States Marshals Service is appointed to serve the defendant. The court advises the plaintiff that a completed USM-285 (Marshals service) form is required for service on the defendant. The Marshal will not attempt service on the defendant unless and until the required forms are received. Therefore, the plaintiff must complete service forms for the defendant and return the form to the Clerk of Court in care of the Prisoner Correspondent within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If defendant Messina can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.

2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. The plaintiff, whose initial submissions are coherent and articulate, appears more than capable of litigating this matter, notwithstanding the general limitations posed by the fact of incarceration. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

Date:    May 30, 2014